WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John P. Baker, | ) |
| Plaintiff, | ) No. CV-10-391-PHX-PGR (LOA) |
| vs. | ) **ORDER** |
| James Baird, et al., | ) |
| Defendants. | ) |

This matter is before the Court on Plaintiff's Motion for Sanctions. (Doc. 27) Defendants have filed a response in opposition to the motion, doc. 38, to which Plaintiff has replied, doc. 42. After consideration of this matter, the Court will deny Plaintiff's motion.

Plaintiff, without citing any legal authority, seeks sanctions against non-parties, Defendants' counsel and the Arizona Department of Corrections. Plaintiff's request for sanctions is based on the disclosure by a prison medical records custodian of a two-page mental health assessment to Defendants' counsel. As sanctions, Plaintiff requests that Defendants' counsel be ordered to destroy his copies of the mental health assessment, and that none of the information contained in that document be used in this or any other litigation in which counsel is involved. Plaintiff also seeks to obtain a copy of his Mental Health Assessment.

The Mental Health Assessment at issue was generated as part of the process when Plaintiff entered the prison system. (Doc. 38, Exh. A) Defendants have submitted evidence showing that such a mental health assessment is not typically included in the "mental health" section of an inmate's medical file. (Doc. 38, Exh. B) On July 26, 2010, Plaintiff completed

1 an Authorization for Release of Medical Information and Documentation related to this
2 litigation. (Doc. 27, Exh. A). When Defendants' counsel submitted the Authorization and
3 Release form to the Arizona Department of Corrections Medical Records Program Manager,
4 counsel "requested that mental health records be exempt from being copied." (Doc. 38, Exh.
5 B) The Medical Records Program Manager, Carol Pearson, interpreted that request to mean that
6 she should not copy the mental health section in Plaintiff's medical file. (*Id*.) She inadvertently
7 copied Plaintiff's initial Mental Health Assessment because that document was not included in
8 the mental health section of Plaintiff's medical file. (Doc. 38, Exh. B)

9       Upon learning that she had produced the Mental Health Assessment to defense counsel,
10 the Medical Records Program Manager contacted counsel who agreed to destroy all copies of
11 the Mental Health Assessment. (*Id*.) Defendants' counsel avows that he has destroyed all
12 copies of Plaintiff's Mental Health Assessment and that he has no recollection of any
13 information contained in that document, and has no way of using that information. Because
14 Defendants' counsel has already destroyed all copies of Plaintiff's Mental Health Assessment,
15 Plaintiff has been afforded the relief he requested.

16       Plaintiff also requests to be provided a copy of his Mental Health Assessment. The
17 Medical Records Program Manager has already advised Plaintiff that he may "request a mental
18 health chart review to be conducted by a psychologist on [his] unit to review [his Mental Health
19 Assessment] if he wishes to do so." (Doc. 38, Exh. B) Accordingly, if Plaintiff wishes to
20 review of his Mental Health Assessment, he should make a request through the proper channels
21 at APSC-Eyman where he is currently housed.

22       After consideration of this matter, the Court concludes that the Medical Records Program
23 Manager inadvertently copied Plaintiff's Mental Health Assessment and provided it to
24 Defendants' counsel along with Plaintiff's medical records that were properly disclosed to
25 counsel pursuant to Plaintiff's Authorization for Release of Medical Information and
26 Documentation. (Doc. 38, Exh. B; Doc. 27, Exh. A) Upon realizing her mistake, the Medical
27 Records Program Manager promptly rectified the situation by requesting that counsel destroy
28 all copies of the Mental Health Assessment. Defendants' counsel avows that he has done so and

1 that he has no recollection of the content of the Mental Health Assessment. There is no
2 evidence that Plaintiff has suffered any prejudice or other adverse consequence as a result of
3 the accidental disclosure of his Mental Health Assessment to Defendants' counsel. The Court
4 finds that sanctions are not appropriate because the disclosure was accidental and was promptly
5 rectified.

6     Accordingly,

7     **IT IS HEREBY ORDERED** that Plaintiff's Motion for Sanctions, doc. 27, is **DENIED**.

8 DATED this 21st day of October, 2010.

*/s/ Lawrence O. Anderson*
Lawrence O. Anderson
United States Magistrate Judge